IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ANTHONY ROGERS                                                                                    PLAINTIFF

v.                                            3:24-cv-00028-DPM-JJV

BRAD SNYDER,
Sheriff, Greene County; *et al.*                                                              DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.    INTRODUCTION**

Anthony Rogers ("Plaintiff") is a pretrial detainee in the Greene County Detention Facility ("GCDF") who brings this *pro se* action pursuant to 42 U.S.C. § 1983. In April 2024, he filed a 141-page Amended Complaint raising a variety of factually and legally unrelated claims against numerous Defendants at the GCDF. (Doc. 6) On May 3, 2024, I entered an Order explaining to Plaintiff that his Amended Complaint violated Fed. R. Civ. P. 8 and 20 and contained several other pleading deficiencies.[1] (Doc. 7.) I then gave Plaintiff the opportunity to file a Second Amended

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and dismiss any claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

1

Complaint curing those problems. And, importantly, I cautioned Plaintiff that if he continued to include improperly joined claims, I would only screen the first properly joined set and recommend all others be dismissed as improperly joined without individually screening them. *See Pierce v. Homecomings Fin., LLC,* No. 1:17-cv-882-BKS-CFH, 2018 WL 2187384, at *5 (N.D.N.Y. Feb. 1, 2018) (a *pro se* litigant cannot throw a myriad of claims at the court to "see what sticks"); *Scarlett v. United States,* No. 16-80017-CR, 2017 WL 11473755, at*17 (S.D. Fla. Dec. 7, 2017) (same).

**II.   DISCUSSION**

Plaintiff has recently filed a Second Amended Complaint that again includes a variety of improperly joined claims against multiple Defendants. (Doc. 8.) In his first set of properly joined claims, Plaintiff says on January 13, 2024, Sergeant Cameron Hughes and Officer Ethan Huffsettler conducted an illegal strip search when he returned to the GCDF from another jail, forced him to have a bowel movement in their presence, denied him medical care when he passed an "alarming amount of blood" in his stool, and wrongfully seized confidential communications with his attorney because the envelope containing those documents had "grease stains" the Defendants believed to be contraband. (Doc. 8 at 10.) Thereafter, the stains tested positive for indole-based cannabinoids, and Plaintiff was charged in state court with introducing a prohibited item into a correctional facility, which is a class C felony. *See State v. Rogers*, CR-2024-038 (Greene County Circuit Court). That criminal charge is still pending. *Id.*

The State of Arkansas has an important interest in enforcing its criminal laws, and Plaintiff may raise his constitutional claims regarding the legality of the search and seizure during his state proceedings. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245 (8th Cir. 2012). Furthermore, Plaintiff has not raised facts suggesting bad

faith, harassment, or any other extraordinary circumstances that would make abstention inappropriate. *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Assn.*, 457 U.S. 423, 435 (1982). Thus, *Younger* abstention applies. Plaintiff seeks monetary relief, and he does not challenge the constitutionality of any state statutes. Thus, his constitutional claims arising from the January 2024 search and seizure should be stayed until the criminal charges, including any appeals, are resolved in state court. *Yamaha Motor Corp. v. Stroud*, 179 F.3d 598, 603-604 (8th Cir. 1999).

The remainder of the Second Amended Complaint contains a variety of factually and legally unrelated constitutional claims against multiple Defendants at the GCDF. Those claims are not properly joined with the constitutional claims stemming from the January 13, 2024 search and seizure. And there is no need to stay their resolution. Accordingly, I recommend the improperly joined claims be dismissed without prejudice so Plaintiff may, if he so chooses, immediately pursue them in a separately filed federal lawsuit. *See* Fed. R. Civ. P. 20 & 21; *Stephens v. Does*, 777 F. Appx. 176, 177 (8th Cir. Sept. 17, 2019); *Bailey v. Doe*; Case No. 11-2410, 2011 WL 5061542 (8th Cir. Oct. 26, 2011).

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.   Plaintiff's constitutional challenges against Defendants Hughes and Huffsettler stemming from the January 13, 2024 search and seizure be STAYED and this case be ADMINISTRATIVELY TERMINIATED until *State v. Antony D. Rogers*, CR-2024-038 (Green County Circuit Court), including any appeal, is resolved in state court.

2.   All other claims and Defendants be DISMISSED as improperly joined.

    3.    The Court impose a deadline for Plaintiff to file a Motion to Reopen this case after his state criminal proceeding are concluded.

    4.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation would not be taken in good faith.

DATED this 29th day of May 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE